IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 15 C 3566 |
| TRALVIS EDMOND, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Tralvis Edmond was convicted in 2012 of drug and gun charges and sentenced to a term of imprisonment. He has moved under 28 U.S.C. § 2255 to set aside his conviction and sentence based on ineffective assistance of counsel. Edmond claims that his trial counsel rendered ineffective assistance by (1) failing to file a motion to suppress evidence seized during a search and (2) failing to call Edmond to testify at a hearing on a motion to suppress statements he was claimed to have made while in custody.

The Court conducted an evidentiary hearing on Edmond's first claim on June 16, 2016. The Court then determined that trial counsel's failure to file the motion to suppress was objectively unreasonable but reserved for later determination the issue of whether this failure prejudiced Edmond. *See United States v. Edmond*, No. 15 C 3566, 2016 WL 4179176 (N.D. Ill. Aug. 7, 2016). The Court now considers the issue of prejudice as well as Edmond's second claim for ineffective assistance of counsel based

on counsel's failure to call Edmond to testify at the suppression hearing. For the reasons stated below, the Court denies Edmond's section 2255 motion.

## Background

Edmond was convicted on firearms and narcotics charges, and the Court sentenced him to a prison term of eighty-four months. He has moved under 28 U.S.C. § 2255 to set aside his conviction and sentence, alleging ineffective assistance of counsel. Specifically, Edmond contends that his trial counsel rendered ineffective assistance by failing to file a motion to suppress evidence seized via the execution of a search warrant at 736 N. Ridgeway in Chicago. The evidence seized included the key evidence that was the basis for the charges against Edmond: two loaded firearms and significant amounts of heroin and crack cocaine packaged for distribution. Edmond also contends that his trial counsel rendered ineffective assistance by failing to call him to testify at a hearing held by the judge then assigned to the case on a motion trial counsel had filed seeking to suppress a post-arrest statement that Edmond had given to the authorities.

The standard governing both of Edmond's claims for ineffective assistance of counsel is the familiar two-part test established by *Strickland v. Washington*, 466 U.S. 668 (1984). The first question is whether counsel's action or inaction was objectively unreasonable. The second question is whether the defendant was prejudiced as a result of counsel's action or inaction. *See id.* at 687-88, 693.

The Court appointed counsel to represent Edmond in the section 2255 proceedings and held an evidentiary hearing to address certain contested factual issues. The Court elected to address first the question of whether Edmond's trial

counsel had acted in an objectively unreasonable way in failing to file a motion to suppress the evidence seized in the search of the home on N. Ridgeway. The Court concluded that Edmond had made the necessary showing, specifically that counsel's decision not to file a motion to suppress was based on an objectively unreasonable misunderstanding of the law of Fourth Amendment "standing." *See Edmond*, 2016 WL 4179176, at *5.

This leaves the following questions for the Court's determination: 1) whether Edmond was prejudiced by counsel's failure to file the motion to suppress the fruits of the search; 2) whether counsel's failure to call Edmond to testify at the hearing on the motion to suppress his statement was objectively unreasonable; and 3) if so, whether Edmond was prejudiced by counsel's failure to call him to testify at that hearing.

On June 27, 2017, the Court held an evidentiary hearing regarding whether Edmond was prejudiced by counsel's failure to file the motion to suppress the fruits of the search. Specifically, the parties were asked to present evidence addressing whether Officer Frano, the Chicago police officer who obtained the search warrant, acted with reckless disregard for the truth when applying for the warrant. The Court will discuss this evidence in greater detail later in this opinion.

## Discussion

**A.    Motion to suppress fruits of search**

As indicated, the Court previously concluded that trial counsel's decision not to file a motion to suppress was objectively unreasonable. The parties agree that the evidence seized in the search of the N. Ridgeway apartment was critical to the government's success in prosecuting Edmond. Thus the question is whether Edmond

3

has shown a reasonable likelihood that a motion to suppress would have been successful had counsel filed it. See *Strickland*, 466 U.S. at 696; *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011). Edmond argues that the motion would have been successful because no probable cause existed to support the search warrant and the good faith exception does not apply. Def. Tralvis Edmond's Mem. of Law Demonstrating that He Suffered Prejudice As a Result of His Trial Counsel's Objectively Unreasonable Performance (Def.'s Mem. on Prejudice) at 6–13.

    **1.    Probable cause**

The search was conducted pursuant to a warrant issued by a Cook County judge upon submission of an application by Officer John Frano stating the following:

> The following facts are as follows: I, P.O. John Frano #11772 have been a Chicago police officer for the [sic] over 9 years and have made over 1000 narcotics related arrests. On the 18 may 2010 I had the opportunity to speak with a Registered Confidential Informant who R/O will refer to as RCI. R/O has known this RCI for the past 5 years during which time RCI has provided and been a reliable source of information concerning narcotics activities. On over 6 different occasions in the past two months R/O has acted upon the information provided by this RCI and on these occasions R/O has recovered illegal narcotics. From every occasion R/O made an arrest. Recovered narcotics from RCI information was submitted to the Illinois State Police crime lab for testing and analysis. On these occasions the crime lab found the presence of a controlled substance in items submitted.

> On 18 May 2010 RCI related to R/O that RCI was at the residence of 736 N Ridgeway and in the presence of Edmond, Tralvis E. in the basement apartment. RCI related to R/O that RCI was in the rear of the apartment in an area with a bed. RCI related to R/O that Edmond, Tralvis E. walked over to the bed, pushed the mattress away from the wall and pulled from under the bed a shoe box. RCI related to R/O that Edmond, Tralvis E. then opened the shoe box at which point RCI observed 20-30 golf ball sized clear plastic bags filled to the top of the shoe box. RCI related to R/O that each golf ball sized clear plastic bag had between 10 and 13 zip lock bags containing suspect heroin.

Def.'s Mem. on Prejudice, Ex. 1.

4

An affidavit "establishes probable cause to support a search warrant when it sets forth sufficient evidence to convince a reasonable person that a search will uncover evidence of the alleged crime." *United States v. Bell*, 585 F.3d 1045, 1049 (7th Cir. 2009). When an informant supplies the facts in the affidavit, the probable cause determination turns on the informant's credibility. *Id.* A court considers: (1) the extent to which police corroborated the informant's statements; (2) the degree to which the informant acquired knowledge through first-hand observation; (3) the amount of detail provided; and (4) the interval between the date of the events and the officer's application for the search warrant. *Id*; *United States v. Johnson*, 655 F.3d 594, 600 (7th Cir. 2011). Also relevant is whether the informant personally appeared to testify before the judge issuing the warrant. *Bell*, 585 F.3d at 1049; *Johnson*, 655 F.3d at 600. "No one factor is dispositive, so a deficiency in some areas can be compensated by a stronger showing in others." *Bell*, 585 F.3d at 1049. A judge's decision to issue a warrant is given considerable weight and is overruled only when the supporting affidavit, "read as a whole in a realistic and common sense manner, fails to allege specific facts and circumstances to allow the judge to reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated." *United States v. Koerth*, 312 F.3d 862, 866–67 (7th Cir. 2002).

In arguing that the affidavit does not support a finding of probable cause, Edmond relies primarily on the fact that it does not indicate the date on which the confidential informant allegedly purchased drugs from Edmond at the N. Ridgeway apartment. Edmond argues that without this information, one cannot reasonably conclude that the drugs would still have been located at the apartment at the time the

5

search warrant was executed. The government argues in response that, when read in context, the affidavit makes it clear that the confidential informant purchased drugs from Edmond on May 18, 2010, the same date he spoke with Frano. The Court has already determined, however, that the affidavit does not specify when the informant went to N. Ridgeway. *Edmond*, 2016 WL 4179176, at *1. The government's argument to the contrary is unpersuasive.

      Therefore the Court must determine whether the information in the affidavit supports a finding of probable despite the fact that it lacks details regarding when the informant met with Edmond. The Seventh Circuit has indicated that "'[s]taleness' is highly relevant to the legality of a search for a perishable or consumable object, like cocaine." *United States v. Seiver*, 692 F.3d 774, 777 (7th Cir. 2012). This is because probable cause exists "only if it is established that certain identifiable objects are probably connected with certain criminal activity and are probably to be found *at the present time* in a certain identifiable place." *United States v. Mitten*, 592 F.3d 767, 775 (7th Cir. 2010) (emphasis added). It is not enough to establish that the location to be searched at one time contained evidence of a crime. *Id*. Without any temporal reference point, a judge is unable to determine whether the information in the affidavit reasonably suggests that evidence of a crime might *currently* be found in the location to be searched. *See United States v. Lamon*, 930 F.2d 1183, 1188–89 (7th Cir. 1991) ("Because the affidavit did not indicate when the informant had observed Mr. Lamon dealing drugs from his automobile, that information standing alone would be insufficient to establish probable cause.") Thus Frano's failure to indicate when the informant visited Edmond at N. Ridgeway undermines a determination that probable cause

existed to search the apartment.

Under some circumstances, the Seventh Circuit has excused an affidavit's failure to provide some indication of the age of the information, but typically only when other details in the affidavit provide evidence of ongoing criminal activity. In *Lamon*, the court concluded that probable cause existed to search defendant's car—despite the fact that the affidavit did not indicate when the informant had observed defendant dealing drugs from his car—because the informant had also observed defendant selling drugs out of his home within the past seventy-two hours and that together "these pieces of information suggested a pattern of drug trafficking" that supported probable cause to search the car. *Lamon*, 930 F.2d at 1189. The Seventh Circuit drew a similar conclusion in *Mitten*, where the affidavit failed to indicate when one confidential informant purchased drugs at the apartment to be searched and, regarding a different informant, stated only that he had purchased drugs sometime during the previous month. *Mitten*, 592 F.3d at 775. The court indicated that the information from multiple informants that they had purchased drugs at the apartment demonstrated ongoing criminal activity, which reduced the importance of the information's staleness in the probable cause inquiry. *See id.* (noting that "the passage of time is less critical when the affidavit refers to facts that indicate ongoing continuous criminal activity").

The details in the affidavit for the search of the N. Ridgeway apartment do not provide evidence of ongoing criminal activity. According to the affidavit, the informant told Frano only that he purchased drugs at the apartment once, and there are no other informants with similar stories. The affidavit does not mention any belief that Edmond was known to deal drugs, *see United States v. Hicks*, 650 F.3d 1058, 1066 (7th Cir.

7

2011), nor does it discuss the frequency of an ongoing operation, *see United States v. Thompson*, 139 F. App'x 724, 729 (7th Cir. 2005). This case is similar to *United States v. Harris*, 464 F.3d 733 (7th Cir. 2006), in which the Seventh Circuit concluded that the affidavit's information that at some specified time an informant visited the home and observed drugs for sale failed to suggest ongoing criminal activity in the home. *Id.* at 739.

The government points to the quantity of drugs observed by the informant—20 to 30 golf-ball sized bags each containing 10 to 13 individual user quantities of heroin—in arguing that there was reason to believe heroin remained in the apartment. Govt.'s Resp. to Def.'s Mem. of Law on Prejudice (Govt.'s Resp.) at 5. But the government cites to no case indicating that this quantity of drugs is sufficient to demonstrate ongoing criminal activity irrespective of how much time had passed since the drugs were seen on the premises. Even with this quantity of drugs, there remains (for example) the possibility that Edmond moved or planned to move them to a different location or sold all he had. This evidence is not enough to show ongoing criminal activity.

Because the affidavit failed to indicate when the informant purchased drugs from Edmond at N. Ridgeway—and lacks any details indicating ongoing criminal activity—the information in the affidavit does not support a finding of probable cause.

### 2. Good faith exception

Even in the absence of probable cause, a search made pursuant to a warrant can be saved by the good faith exception. *United States v. Prideaux-Wentz*, 543 F.3d 954, 959 (7th Cir. 2008). Under this exception, evidence obtained in violation of the Fourth Amendment is nonetheless admissible if the officer who conducted the search

acted in good faith reliance on a search warrant. *United States v. Pappas*, 592 F.3d 799, 802 (7th Cir. 2010). The fact that an officer obtained a search warrant is prima facie evidence of good faith. *Id*. A defendant may rebut this evidence by demonstrating that

> (1) the issuing judge wholly abandoned his judicial role and failed to perform his neutral and detached function, serving merely as a rubber stamp for the police; (2) the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (3) the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.

*Id* (citing *United States v. Elst*, 579 F.3d 740, 744 (7th Cir. 2009)). Edmond argues that the good faith exception does not apply here, both because the affidavit was lacking in indicia of probable cause and because Frano acted in reckless disregard of the truth when preparing the application for the search warrant.

### a. Indicia of probable cause

Edmond argues that Frano's complaint was so lacking in indicia of probable cause so as to make reliance on the search warrant unreasonable. In doing so, Edmond points to four alleged deficiencies: (1) the lack of reference to when the informant purchased the drugs; (2) Frano's failure to present the informant to the judge for questioning; (3) Frano's failure to corroborate the information; and (4) the lack of specific facts describing the apartment. Def.'s Mem. on Prejudice at 10.

The Court disagrees. First, the affidavit provided a number of details to suggest the existence of probable cause. The informant gave the precise address for the N. Ridgeway apartment and identified Edmond as the individual inside. Def.'s Mem. on Prejudice, Ex. 1. He described in detail the location of the drugs in a shoe box under the bed, as well as the packaging and approximate quantity of drugs. *Id*. The affidavit

9

also provided information indicating how the informant knew that the substance was heroin—namely, that the informant used the substance after purchasing it and experienced the effects of heroin. *Id*; *see also United States v. Bell*, 585 F.3d 1045, 1050 (7th Cir. 2009) (emphasizing the importance of indicating how the informant was able to identify the substance as an illegal narcotic). The Seventh Circuit has indicated that statements against an informant's penal interest—such as a statement that the informant purchased the drug—are "a weighty factor in establishing probable cause." *United States v. Lake*, 500 F.3d 629, 633 (7th Cir. 2007). Finally, the affidavit provided information regarding the informant's credibility, indicating that he had provided reliable information to Frano in the five years preceding the warrant and that in the preceding two months, his information had on six occasions led to the recovery of illegal narcotics and an arrest. Def.'s Mem. on Prejudice, Ex. 1. Thus the affidavit provided sufficient detail to permit an officer to reasonably rely on the warrant that was later issued. The fact that the affidavit did not include temporal information does not preclude application of the good faith exception. *See Prideaux-Wentz*, 543 F.3d at 959; *Mitten*, 592 F.3d at 775. In light of the details discussed above, this deficiency is insufficient to make reliance on the affidavit unreasonable.

In addition, Frano adequately corroborated the information that the informant provided. He showed the informant a picture of Edmond obtained from a police database, which the informant positively identified as the person who sold him the drugs. Def.'s Mem. on Prejudice, Ex. 1. Frano also drove the informant past the N. Ridgeway apartment, and he identified the building in which he purchased drugs from Edmond. *Id.* These steps are sufficient to corroborate the information in the affidavit.

10

See *United States v. Sutton*, 742 F.3d 770, 773–74 (7th Cir. 2014).

Edmond's final argument is that the informant failed to appear before the issuing judge. But, as previously noted, no one factor is dispositive in the determination of probable cause. *United States v. Taylor*, 471 F.3d 832, 840 (7th Cir. 2006). It is true that when the informant appears before the issuing judge, the judge has a better opportunity to ascertain the credibility of the informant. *Sutton*, 742 F.3d at 773. That issue is less of a concern here, however, where the affidavit indicated that the informant had proven reliable in the past and therefore was not an unknown, untested informant. See *United States v. Jones*, 376 F. App'x 627, 629 (7th Cir. 2010); *Taylor*, 471 F.3d at 840.

The Court therefore finds that the affidavit supporting the warrant was not so lacking in indicia of probable cause as to render reliance on it unreasonable.

      **b.**     **Reckless disregard**

Edmond next argues that the good faith exception does not apply because Frano acted in reckless disregard of the truth by omitting from the affidavit the following facts about the informant: (1) the informant had been convicted of at least four drug-related felonies before May 2010; (2) the informant faced a pending charge for possession of cocaine on May 19, 2010; (3) the informant forfeited his bail bond on May 6, 2010; and (4) an arrest warrant had been issued for the informant on May 6, 2010. Def.'s Mem. on Prejudice at 12. Edmond argues that this information was essential to the issuing judge's credibility determination and therefore that its omission defeats the good faith exception.

### i. Officer Frano's testimony

At the evidentiary hearing on June 27, 2017, the Court heard testimony from Officer Frano regarding the application for the search warrant. Frano testified that he provided the affidavit used to apply for the search warrant and that he has been the affiant in over 200 similar cases. He stated that the affidavit was based on information from a registered confidential informant (RCI). To become an RCI, an individual must be "signed up" with the police department, meaning he must have previously provided the department with reliable information. Frano testified that, at the time of the warrant application, he had no reason to believe the informant was unreliable, as the informant had never given him false information in the past. Frano knew at the time of the application that the informant had a criminal history involving drug charges and possibly theft or disorderly conduct. He also knew that the informant had a pending criminal case related to charges for trafficking and possession of cocaine on which he was arrested in 2008. Frano did not include any of this information in the affidavit for the search warrant because, at the time, the Chicago Police Department's standard practice did not require this information. The policy has since changed, and officers are now required to provide the judge to whom a warrant application is presented with an informant's criminal history. In May 2010, however, the Cook County state's attorney's office approved Frano's warrant application without requesting criminal history information for the informant.

Edmond presented at the hearing a copy of the informant's criminal history report, which indicated that a warrant for his arrest had been issued on May 6, 2010. Frano stated that—despite the fact that he spoke with the informant on May 18, 2010

12

and reviewed his criminal history information prior to doing so—he was unaware of the outstanding warrant. The copy of the report presented at the hearing indicated, however, that it was generated on August 9, 2011, meaning it was not the same report that Frano had reviewed prior to speaking with the informant. Frano also stated that, at the time he submitted his affidavit, he was unaware that the informant had recently forfeited his bail.

Frano testified that he was not trying to hide anything from the judge by omitting the informant's criminal history from his affidavit. He further stated that he had no reason to believe that this information was particularly important to the warrant application, because he included information regarding the informant's track record of providing reliable information to the department. Frano stated that the informant was not under arrest at the time they spoke, nor did Frano later "get him off the hook" in relation to his pending drug charges, for which the informant was ultimately sentenced to one year in prison. He also testified that RCIs are typically paid for providing information and that it is possible the informant in this case was compensated for the information he provided against Edmond.

### ii. Outstanding warrant and bail forfeiture

Edmond argues first that Frano acted with reckless disregard for the truth by omitting from the affidavit information regarding the informant's outstanding arrest warrant and forfeiture of his bail. To establish that Frano acted with reckless disregard for the truth, Edmond must show that Frano entertained serious doubts about the truth of his statements, had obvious reasons to doubt their accuracy, or he failed to disclose facts that he knew would negate probable cause. *Betker v. Gomez*, 692 F.3d 854, 860

(7th Cir. 2012). Edmond has failed to do so regarding the arrest warrant and the bail forfeiture, because the evidence shows that Frano was unaware of either of these facts. Frano testified credibly that the criminal history report he reviewed prior to speaking with Edmond did not include the arrest warrant and bail forfeiture, which had happened only a matter of days earlier. And Frano cannot be said to have failed to disclose facts that he knew would negate probable cause when he was unaware of these facts in the first place. The Court therefore finds that Frano did not act with reckless disregard for the truth when he did not include in the affidavit information regarding the informant's outstanding warrant and forfeiture of bail.

### iii. Prior criminal history

The next issue involves the omission of information regarding the informant's criminal history. The evidence presented at the hearing shows that Frano was aware of the informant's prior convictions and arrests at the time that the informant gave information regarding Edmond. But Frano testified credibly that he did not question the reliability of the informant's information regarding Edmond because the informant had never provided false information in the past. Thus Frano never entertained serious doubts regarding the accuracy of the information.

Edmond has also failed to show that the informant's criminal history should have caused Frano to doubt the informant's reliability or that Frano knew this information would negate probable cause. The Seventh Circuit has indicated that "an informant's criminality does not in itself establish unreliability." *Taylor*, 471 F.3d at 840. And there was sufficient reason in this case for Frano to trust the informant's information. The affidavit indicated that the informant had, on multiple prior occasions, provided reliable

14

information which led to arrests and the recovery of illegal narcotics. And Frano testified that none of the informant's prior arrests or convictions related to crimes of untruthfulness. Thus the criminal history did not give Frano an obvious reason (beyond what the affidavit disclosed about drug use) to question the informant's statements regarding Edmond, particularly given that the informant was not under arrest at the time and Frano did not assist him on his pending charge. Further, there is no evidence that Frano's omission of this information was deliberately or recklessly deceptive. Frano testified credibly that he did not intend to mislead the judge regarding the informant's credibility. And his affidavit indicated that the informant purchased cocaine from Edmond and later used it. This statement "could easily be read as giving the impression that the police were not trying to hide the fact that [the informant] was currently in trouble with the law." *United States v. Williams*, 718 F.3d 644, 653 (7th Cir. 2013).

    **c.**     **Summary**

The Court concludes that Edmond has failed to show that the good faith exception does not apply to the search warrant in this case. The warrant was not so lacking in indicia of probable cause so as to render Frano's reliance on it unreasonable. And Frano did not act in reckless disregard of the truth in preparing the warrant application. For these reasons, the Court finds that Edmond has failed to show that he was prejudiced by trial counsel's failure to move to suppress the fruits of the search, because the motion would not have been successful.

**B.**     **Motion to suppress statements**

Edmond also claims that his trial counsel provided ineffective assistance when

he failed to call Edmond to testify at a hearing on a motion to suppress statements he was claimed to have made while in custody. Edmond was arrested after being stopped for a traffic violation approximately one month after officers searched the apartment at N. Ridgeway. While he was detained, Frano interviewed him about the items recovered at N. Ridgeway during the search. In the police report summarizing the interview, Frano stated that he gave Edmond *Miranda* warnings and that Edmond proceeded to admit that he owned the drugs and guns found in the apartment. Def.'s Mem. on Prejudice, Ex. 6. Edmond denies both that he received the warnings and that he waived his rights.

During pre-trial proceedings, Edmond's trial counsel filed a motion to suppress the alleged statement on these grounds. Trial counsel submitted a sworn affidavit from Edmond stating that he never received Miranda warnings and did not he waive his rights. Judge Blanche Manning, to whom the case was then assigned, ordered a hearing on the motion. Frano testified at the hearing that he gave the warnings and that Edmond waived his rights. Trial counsel did not call Edmond to testify, choosing instead to rely on his cross-examination of Frano. Judge Manning credited Frano's testimony and denied the motion to suppress.

Edmond now argues that trial counsel's failure to call him to testify constitutes ineffective assistance of counsel. As stated previously, to prevail Edmond must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007). A court considering an ineffective assistance claim is not required to consider these points in this sequence, and if it concludes that the defendant has not made a sufficient showing on one point, it need not consider the other. *Strickland*, 466

U.S. at 697; *see also Spiller v. United States*, 855 F.3d 751, 755 (7th Cir. 2017) ("When applying *Strickland* to the facts of a particular case, there is no reason for a court to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.") (internal quotation marks omitted). The Court considers only whether Edmond was prejudiced by counsel's failure to call him to testify and concludes that he was not.

To demonstrate prejudice, Edmond must show that, absent counsel's deficient performance, he would have won the motion to suppress. *Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010). Edmond has failed to make this showing. Judge Manning heard Frano's testimony and concluded that it was credible. *See United States v. Edmond*, No. 11 CR 378, dkt. no. 33. There is little reason to believe that Edmond's testimony would have altered this conclusion. *See Bynum*, 560 F.3d at 685. If counsel had called Edmond to testify, he would have testified to the same facts in his affidavit: that he did not receive *Miranda* warnings, nor did he waive his rights. Mem. of Facts and Law in Supp. of Pet'r's Mot. to Vacate or Set Aside or Correct a Sentence (Pet'r's § 2255 Motion) at 14. Although testifying would have given Judge Manning the opportunity to evaluate Edmond's credibility, there is no reason to believe that it would have changed her decision to credit Frano's testimony.

Edmond argues that, if he had testified, Judge Manning would not have credited Frano's testimony given that (1) Frano is the one who prepared the police report omitting mention of a waiver of his rights; (2) no third party witness was present; and (3) there was no audio or video recording of the interview. Def.'s Reply Br. Demonstrating that He Suffered Prejudice as a Result of His Trial Counsel's Objectively Unreasonable

17

Performance (Def.'s Reply) at 15.  But all of these points were already made, based on Frano's testimony alone.  Edmond's testimony would have added nothing on these points.

Edmond's argument basically boils down to the proposition that it would have made a difference if he had taken the witness stand and simply denied being read his rights or having waived them; he does not suggest that there would have been anything to his testimony other than this.  The Court concludes that Edmond has failed to show that his denial under oath of Frano's testimony would have altered Judge Manning's evaluation of Frano's credibility.  Edmond has thus failed to show the requisite prejudice.

## Conclusion

For the foregoing reasons, the Court denies Edmond's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 [dkt. no. 1].  The Clerk is directed to ender judgment in favor of the United States.

```
_____
       MATTHEW F. KENNELLY
       United States District Judge
```

Date:  July 14, 2017